UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ELAINE L. CHAO, SECRETARY OF LABOR,    :
UNITED STATES DEPARTMENT OF LABOR,

                                                            :

         Plaintiff,

                                           :      CIVIL ACTION NO.

    v.

                                           :

WORLD PAINTING, INC.,

                                           :

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## COMPLAINT

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor

("Plaintiff"), brings this action to enjoin Defendant from violating the provisions of Sections 7,

11(c), and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201, *et*

*seq.*), hereinafter referred to as "the Act," and for a judgment in the total amount of $3,600.00 in

back wage compensation due to employees and former employees of Defendant listed on the

attached Schedule A and to be allocated in the manner set forth on Schedule A, and pursuant to

Section 16(e) of the Act a civil money penalty in the total amount of $1,900.00.

I

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C.

§217, and by 28 U.S.C. §§1331 and 1345.

II

Defendant, World Painting, Inc. is a Pennsylvania corporation with an office and primary

place of business located at 112 Lewisberry Road, New Cumberland, Pennsylvania 17070,

within the jurisdiction of this Court, where it was engaged in the business of residential and commercial painting.

III

The business activities of Defendant World Painting, Inc., as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise with the meaning of Section 3(r) of the Act.

IV

At all times hereinafter mentioned, Defendant has employed employees in and about its place of business in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise was engaged in residential and commercial painting. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Among the employees employed by Defendant were foremen and laborers who painted residential and commercial establishments. Therefore, said employees were employed in an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. §203(s)(1)(A).

V

Prior to March 25, 2008, said defendant, had, in many workweeks willfully and repeatedly violated and is violating the provisions of Sections 7 and 15(a)(2) of the Act by employing certain of its employees employed in commerce, or employed in an enterprise engaged in commerce, within the meaning of the Act, without compensating said employees for

2

their employment in excess of the prescribed hours in said workweeks at rates not less than one and one-half times the regular rates at which they were and are employed.

VI

Prior to March 25, 2008, said defendant had, in many workweeks, willfully and repeatedly violated and is violating the provisions of Sections 11(c) and 15(a)(5) of the Act by failing to make, keep, and preserve adequate and accurate records of the wages, hours, and other conditions of employment, as prescribed by the Regulations issued and found at 29 C.F.R. Part 516; more specifically, the records kept by said enterprise failed to show adequately and accurately, among other things, the hours worked each workday, the total hours worked each workweek, the regular rate of pay, the basis upon which wages were paid, the total straight-time earnings for each workweek, and/or the total overtime compensation for each workweek with respect to many of the employees employed at the business and engaged in commerce, or employed in an enterprise engaged in commerce, within the meaning of the Act.

VII

Defendant has repeatedly and willfully violated the monetary provisions of the Act as alleged above.

WHEREFORE, cause having been shown, Plaintiff prays for judgment pursuant to Section 17 of the Act to permanently enjoin and restrain Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with it from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act and for a judgment in the total amount of $3,600.00, which represents back pay compensation due to certain present and former employees of Defendant who are or were employed in the job classification of foremen, and further ordering payment of a civil money penalty pursuant to Section 16(e) of the Act in the

amount of $1,900.00. Plaintiff further prays that said judgment amount be allocated in accordance with the attached Schedule A.

Respectfully submitted,

Post Office Address:

Catherine Oliver Murphy
Regional Solicitor
Office of the Solicitor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5131

Gregory F. Jacob
Solicitor of Labor

Catherine Oliver Murphy
Regional Solicitor

Alfred J. Fisher, Jr.
Regional Counsel
(Attorney I.D. No. 45494)

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff.